■ In the Matter of the Claim of JENIECE I. PILES, Appellant. COMMISSIONER OF LABOR, Respondent. [729 NYS2d 809] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 31, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was discharged from her employment as a home care attendant due to disqualifying misconduct. Despite a previous warning from the employer, claimant left a client unattended without informing the employer as required. Although claimant had informed the client that she would be absent, it was claimant's responsibility to inform the employer of her absence so that a replacement could be found. Inasmuch as claimant disregarded the employer's best interest by violating a known rule of the employer (*see, Matter of Williams [Commissioner of Labor],* 274 AD2d 805, 805-806; *Matter of Miller [Uihlein Mercy Ctr.— Sweeney],* 234 AD2d 832, *lv denied* 90 NY2d 803), we find no reason to disturb the Board's decision.

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.